FILED'07 DEC 04 08:49USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID W. QUICK,                                       Civil No. 07-3063-CL

    Plaintiff,                                     REPORT AND RECOMMENDATION

v.

COUNTY OF JACKSON; et al.,

    Defendants.

CLARKE, Magistrate Judge:

    Plaintiff has filed a "Complaint for Damages" under 42 U.S.C. §§ 1983 and 1988 against defendants Jackson County, Deputy Korby Messer, Deputy Gary Clark, and Sergeant Andy Davis. Plaintiff seeks economic damages, non-economic damages, punitive damages, and attorney's fees and costs. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. Before the Court is defendants' motion to dismiss (#10).

## I. FACTS

    The following paragraphs paraphrase pertinent allegations of plaintiff's complaint:

    At all times material, Jackson County operated and maintained a sheriff's department which operated and maintained a county jail facility. Jackson County at all times material ratified the alleged actions and inactions of the individual defendants. At all times material, deputies Messer, Clark, and Davis were Jackson County employees working for the sheriff's

department as correctional officers in the County jail and were acting under color of state law and within the course and scope of their employment.

At all material times, Jackson County promulgated customs, practices, and policies to educate and train county jail employees to ensure that detainees with serious medical needs be given appropriate medical treatment; to test and screen correctional officers for psychological fitness to work with detainees and to educate and train them regarding detainees' constitutional rights to be free from excessive and unreasonable use of force; and to educate and train jail employees to refrain from physical abuse, beatings, intimidations, mental and emotional abuse of detainees.

As a result of defendants' actions and failures to act, plaintiff suffered injury.

## II. LEGAL STANDARDS

Federal courts require notice pleading. A pleading must give fair notice and state the elements of the claim plainly and succinctly, showing the party is entitled to relief. Lynn v. Sheet Metal Workers' Int'l Ass'n, 804 F.2d 1472, 1478 (9th Cir. 1986), dismissal denied, 487 U.S. 1215 (1988), aff'd, 488 U.S. 347 (1989). The court accepts plaintiff's material allegations in the complaint as true and construes them in the light most favorable to plaintiff. Abramson v. Brownstein, 897 F.2d 389, 391 (9th Cir. 1990). A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that plaintiff can prove no set of facts in support of a claim. Id.

Federal Rules of Civil Procedure 12(f) provides in pertinent part that, "the court may order stricken from any pleading, . . . any redundant, immaterial, impertinent, or scandalous matter." The purpose of a Rule 12(f) motion is to avoid the expenditure of time and money

2 - REPORT AND RECOMMENDATION

spent litigating "spurious issues by dispensing of those issues prior to trial." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). A motion to strike may be used to strike the prayer for relief where the relief sought is unavailable as a matter of law. See Tapley v. Lockwood Green Engr's, Inc., 502 F.2d 559 (8th Cir. 1974). In evaluating a motion to strike, the court must treat all well pleaded facts as admitted. See Sears, Roebuck & Co. v. Metro. Engravers, Ltd., 245 F.2d 67, 70 (9th Cir. 1956).

### III. DISCUSSION

Plaintiff alleges a federal claim for violation of 42 U.S.C. § 1983 and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution; and pendent state claims for assault and battery; intentional infliction of emotional distress; and negligence.

Motion 1: Motion to dismiss defendant Jackson County from § 1983 claim

Defendants contend that, because there is no vicarious liability under § 1983, and plaintiff has not alleged that his civil rights were violated as a result of a defective policy of the municipality, defendant Jackson County should be dismissed from the first claim.

Municipalities are not liable for damages under respondeat superior principals for all constitutional violations of their employees simply because of the employment relationship. Monell v. Dept. of Soc. Servs., 436 U.S. 658, 692-94 (1978). Municipal liability results "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . . ." Id. at 694; Mateyko v. Felix, 924 F.2d 824, 826 (9th Cir. 1991).

Plaintiff agrees that he has not alleged a policy, practice, or procedure of defendant Jackson County which violated his constitutional rights. Accordingly, defendants' motion

3 - REPORT AND RECOMMENDATION

should be granted and defendant Jackson County should be dismissed from claim one.

Motion 2: Motion to dismiss the individual defendants from the state law claims

Defendants contend that, pursuant to ORS 30.265(1), the only proper defendant in the state law claims is Jackson County and the individual defendants should be dismissed. Plaintiff responds that the individual defendants should be continued to be named under the law of Clarke v. Oregon Health Sciences University, 206 Or. App. 610 (2006), which held that individual employees of a governmental entity may be sued on state claims if a plaintiff's damages exceed the $200,000.00 statutory limitation.

ORS 30.265(1) provides that the sole cause of action against any employee of a municipal government acting within the scope of their employment is against the public body.[1] Plaintiff alleges in his complaint that the individual defendants were acting within the course and scope of their employment with Jackson County and, thus, it appears that defendant Jackson County should be substituted and the individual defendants dismissed from plaintiff's state claims. However, the Oregon Court of Appeals in Clarke v. Oregon Health Sciences University, 206 Or. App. 610, 623-33, review allowed, 341 Or. 449 (2006), determined that, based on plaintiff's allegations of injuries and damages in the amount of in excess of $12,000,000, ORS 30.265(1) violated the Oregon Constitution because the

---

[1] ORS 30.265(1) provides in pertinent part that:
The sole cause of action for any tort of officers, employees or agents of a public body acting within the scope of their employment or duties and eligible for representation and indemnification under ORS 30.285 or 30.287 shall be an action against the public body only. The remedy provided by ORS 30.260 to 30.300 is exclusive of any other action or suit against any such officer, employee or agent of a public body whose act or omission within the scope of their employment or duties gives rise to the action or suit. No other form of civil action or suit shall be permitted. If an action or suit is filed against an officer, employee or agent of a public body, on appropriate motion the public body shall be substituted as the only defendant.

4 - REPORT AND RECOMMENDATION

$200,000 statutory limitation was not a substantial substitute remedy as required by Article I, section 10. The court found that this determination must be made on an as applied basis and, given the damages alleged by plaintiff, it was error for the trial court to dispose of plaintiff's claims against the individual defendants at the pleading stage.[2]

Plaintiff here does not allege damages in a monetary amount. However, based on his allegations of injury, damages could be substantial. Because defendants' motion is brought at the pleading stage, defendants have not replied to plaintiff's argument in this regard, and, in light of the holding in Clarke, supra, the Court finds that defendants' motion to dismiss the individual defendants in the state claims is premature and should be denied.

Motion 3: Motion to strike punitive damages from state law claims

Defendants contend that, because punitive damages are not available against a municipality under state law, ORS 30.270(2), plaintiff's allegations of punitive damages in the state law claims should be stricken. Plaintiff responds that his punitive damages claims against the individual defendants should stand.

Defendants' motion appears to be based on the substitution of defendant Jackson County in place of the individual defendants in the state claims. The Court recommends that the state claims against the individual defendants in the state claims not be dismissed. As pleaded by plaintiff, he seeks punitive damages in his second claim for assault and battery against defendants Messer, Clark, and Davis; and in his third claim for intentional infliction of emotional distress against both Jackson County and the individual defendants.

---

[2] The court noted that, after plaintiff's damages were actually determined at trial, it was possible that the constitutionality of the Oregon Tort Claim Act's exclusive remedy provision would not be implicated. Clarke, 206 Or. App. at 633.

5 - REPORT AND RECOMMENDATION

ORS 30.270(2) provides that, "No award for damages on any . . . claim [under the Oregon Tort Claims Act] shall include punitive damages." Accordingly, no punitive damages may be recovered by plaintiff as against Jackson County or the individual defendants. See Nelson v. Lane County, 79 Or. App. 753, 764-65 (1986), aff'd, 304 Or. 97, 100-01 (1987) (affirming Court of Appeals' determination that plaintiff could not recover punitive damages under the Oregon Tort Claims Act, including claim against individual defendants).

Defendants' motion to strike punitive damages from the state claims (claims two and three) should be granted.

Plaintiff's request for leave to amend

Plaintiff requests that he be given leave to amend his complaint to allege punitive damages only against the individual defendants and not against defendant Jackson County.

The Court recommends that the § 1983 claim against defendant Jackson County be dismissed and, as to plaintiff's state claims, that punitive damages be stricken. If the Court so orders, the punitive damages against defendant Jackson County in the § 1983 claim will be dismissed, and the punitive damages claims against defendant Jackson County and the individual defendants in the state claims will be stricken. Accordingly, the Court does not find that amendment for the purposes proposed be plaintiff would be necessary and plaintiff's request should be denied.

## IV. RECOMMENDATION

Based on the foregoing, it is recommended that defendants' motions to dismiss and to strike (#10) be granted in part and denied in part: defendants' motion to dismiss defendant

6 - REPORT AND RECOMMENDATION

Jackson County from plaintiff's first claim should be granted, defendants' motions to dismiss the individual defendants from plaintiff's state claims should be denied, defendants' motion to strike punitive damages from the state claims should be granted, and plaintiff's request for leave to amend should be denied.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.* Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. *Objections to this Report and Recommendation, if any, are due by December 18, 2007. If objections are filed, any responses to the objections are due 14 days after the objections are filed.* Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this ___ day of December, 2007.

_____
UNITED STATES MAGISTRATE JUDGE